Endre' Glenn
10518 165th PL NE
Redmond, WA 98052
Phone/Fax: (425) 869-7484

FILED
U.S. DISTRICT COURT

2015 MAR 16  P 2: 10

DISTRICT OF UTAH

BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

\* \* \* \* \* \* \*

| | |
|---|---|
| ENDRE GLENN (ProSe) | ) |
| | ) |
| Plaintiffs, | ) **COMPLAINT & JURY DEMAND** |
| | ) |
| vs. | ) |
| | ) **Case: 2:15cv00165** |
| | ) **Assigned To : Pead, Dustin B.** |
| Brennan H. Moss (10267) and | ) **Assign. Date : 3/16/2015** |
| PIA ANDERSON DORIUS REYNARD & | ) **Description: Glenn v. Moss et al** |
| MOSS | ) |
| Defendants. | ) |
| | ) |
| | ) |

\* \* \* \* \* \* \*

Plaintiff Endre Glenn hereby complains of the Defendants, and for the causes of actions alleges as follows:

## DESCRIPTION OF THE PARTIES

1.    Plaintiff Endre Glenn is an individual residing in King County, Washington.

2.    Defendant Brennan Moss, Attorney, residing in Salt Lake County, Utah.

3.    PIA Anderson Dorius Reynard & Moss is a law firm residing in Salt Lake County, Utah

## JURISDICTION

4.    This Court has diversity jurisdiction under 28 U.S.C. § 1332.   The Plaintiffs reside in Washington but owned property in Salt Lake County, Utah.   Defendant Brennan Moss

1

an attorney with the Law firm Pia, Anderson and Moss represented the plaintiff.  The amount in controversy, without interest and costs, exceeds the value specified by 28 U.S.C. § 1332.  This Court also has supplemental jurisdiction under 28 U.S.C. § 1367.

## GENERAL ALLEGATIONS

5.      Plaintiffs owned real property located at 742 E. Verona Meadows Court, Murray, Utah 84107 (the "Property").

6.      April 28, 2010, Endre' Glenn retained Attorney, Brennan Moss with law firm Pia, Anderson, and Moss[1].

7.      Attorney, Brennan Moss represented Mr. Glenn in an action against NRT LLC, dba Coldwell Banker.

8.      Attorney Rob Ponte represented NRT LLC, dba Coldwell Banker.

9.      On December 21, 20111 US District Court granted Summary Judgment for the defendant, NRT, LLC, dba Coldwell Banker.

10.     The Plaintiff was denied due process.

11.     The U.S. Supreme Court held that, under Fed.R.Civ.P. 56(f), 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."[2]

12.     Plaintiffs incurred approximately $101,529.67 in legal fees, and $400,000 damages. The exact amount to be proven at trial.

---

[1] ARAG Case Assist Package April 28, 2010 **Exhibit 1**
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 242, 106 S. Ct. 2505, 2507, 91 L. Ed. 2d 202 (1986).

2

## FIRST CAUSE OF ACTION
**(Professional Negligence)**

13.     October 4, 2010 Attorney Brennan Moss and Attorney Rob Ponte agreed on the Attorney Planning Meeting Report[3].

14.     Fact discovery closed May 27, 2011

15.     Expert discovery closed September 30, 2011

16.     January 14, 2011 Attorney Brennan Moss responded to Attorney Rob Ponte's, NRT requests for interrogatories, requests for admissions, and requests for production of documents.

17.     Attorney Brennan delivered to Coldwell Banker a copy of all sales contracts, appraisals, voice mail, and email correspondences in his client's possession.

18.     January 19, 2011, Margaret Glenn, and Endre' Glenn met with Attorney Brennan Moss at his law office in Salt Lake City, Utah.

19.     Mr. Endre' Glenn advised his attorney the property located at 742 East Verona Meadows Court included first and secondary liens against the property which exceed its market value, and current offers on the home.

20.     Attorney Brenan Moss did not perform a title search.

21.     July 7, 2011 Attorney Brennan drafted but never served Rob Ponte, Coldwell Banker with plaintiff's requests for interrogatories, requests for admissions and requests for production of documents[4].

22.     June 7, 2011 Rob Ponte, Coldwell Banker refused to extend fact discovery.

23.     Attorney Rob Ponte advised Attorney Brennan Moss he would not oppose a motion for a scheduling conference with Judge Waddoups.

---

[3] Attorney Planning Meeting Report, Approved by /s Robert A. Ponte, Attorney Coldwell Banker, **Exhibit 4**
[4] E-Mail Correspondence, Wednesday, June 1, 2011, 9:45 a.m. From: Endre Glenn, To: Brennan Moss, **Exhibit 19**

24.   Attorney Brennan Moss missed the deadline for fact discovery

25.   Attorney Brennan Moss missed the deadline for expert witness.

26.   Attorney Brennan Moss failed to file a motion to extend discovery.

27.   Attorney Brennan Moss failed to file a motion for a scheduling conference with Judge Waddups[5].

28.   Attorney Brennan Moss failed to serve discovery requests on opposing counsel.

29.   Attorney Brennan Moss violated Rules of Professional Conduct Rule 1.1 Competence [5].

> Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem and use of methods and procedures meeting the standards of competent practitioners. It also includes adequate preparation. The required attention and preparation are determined in part by what is at stake; major litigation and complex transactions ordinarily require more extensive treatment than matters of lesser complexity and consequence.

30.   Attorney Brennan Moss violated FRCP Rule 26(g)(2)[6]

> Other parties have no duty to act on an unsigned disclosure, request, response or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

> FRCP Rule 26(g) (3) requires the court, on motion or own its own, must impose appropriate sanctions on the signer, the party on whose behalf the signer was acting or both.

---

[5] E-mail June 7, 2011, 4:16 p.m. From: Rob Ponte,  To: Brennan Moss **Exhibit 28**
[6] E-mail June 6, 2011, 3:02 p.m. MDT, From: Brennan Moss  To: Rob Ponte **Exhibit 29**

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)

31.    Plaintiffs hereby incorporate by reference the allegations set forth above as if fully set forth herein.

32.    As fiduciaries, attorneys have a legal duty "to represent the client with undivided loyalty, to preserve the client's confidences, and to disclose any material matters bearing upon the representation of the client." Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice § 11.1, at 631 (3d ed. 1989). Accordingly, an attorney's fiduciary duty is two-fold: undivided loyalty and confidentiality.

> The fiduciary duty of an attorney hired solely to represent the interest of a client is of the highest order and the attorney must not represent interests adverse to those of the client; the attorney must adhere to high standards of honesty, integrity and good faith in dealing with his client, and is not permitted to take advantage of his position or superior knowledge to impose upon the client, nor to conceal facts or law, nor in any way deceive the client.
> Kilpatrick v. Wiley, Rein & Fielding, 909 P.2d 1283, 1288 (Utah Ct. App. 1996)

33.    On January 20, 2011, Endre provided his attorney Brennan Moss, a copy of REMAX MASTERS, EARNEST MONEY DEPOSIT RELEASE FORM[7].

34.    Kevin Larsen, broker, Coldwell Banker signed "Earnest Money Deposit Release" for of his client without "Power of Attorney".

35.    Attorney Brennan Moss failed to enter this information into evidence.

36.    On July 19, 2011 Plaintiff reviewed Coldwell Banker's Motion for Summary Judgment, and provided comments to his attorney about his client's knowledge of REPC paragraph 8(e).

37.    Endre' Glenn advised his attorney he was not aware of Section 8(e) of the REPC and that Robin Reese could cancel based on any physical test or evaluation the property[8].

---

[7] REMAX MASTERS, EARNEST MONEY DEPOSIT RELEASE FORM, **Exhibit 9**
[8] E-mail, July 19, 2011 6:03 p.m. From: Endre Glenn To: Brennan Moss, **Exhibit 23**

38.    The Plaintiff provided his Attorney Brennan Moss a copy of his email to Chris Jessop, dated January 2, 2008[9].

39.    The Plaintiff requested his agent Donna Kane, Real Estate agent, Coldwell Banker confirm the bank that ordered the appraisal but she stated the information was confidential.

40.    FRCP Rule 26 (e)

> (1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.

41.    Attorney Brennan Moss failed to correct this disclosure and inform opposing counsel.

42.    Attorney Brennan Moss failed to enter into evidence the email to Attorney Chris Jessop that demonstrated his agent Donna Kane withheld material information from her client.

43.    Attorney Brennan Moss failed to investigate the case.

44.    Kevin Larsen's, Declaration dated October 18, 2008 confirms Coldwell Banker was unaware of paragraph 8(e), and therefore negligent in exercising their duty[10].

45.    Attorney Brennan Moss failed to obtain discovery from Coldwell Banker.

46.    In June 2008 Utah Association of Realtors (UAR) said the REPC contract was either ambiguous, required clarification or otherwise had an undesired or unintended

---

[9] E-mail, January 2, 2008 11:37 p.m. From: Endre Glenn To: Chris Jessop, **Exhibit 14**
[10] Kevin Larsen's, Declaration dated October 18, 2008 **Exhibit 12**

consequence as a result of the language included or should have been included in the existing state approved REPC[11].

47.     The REPC was ambiguous and Coldwell Banker had a duty to disclose paragraph 8(e), material fact, to their client.

48.     Donna Kane, Real Estate Agent, Coldwell Banker breached her fiduciary duty by failing to disclose paragraph 8(e)[12].

49.     Kevin Larsen, Broker, Coldwell Banker breached his fiduciary duty by failing to disclose paragraph 8(e)[13].

50.     Suzie Martindale, RE/MAX agent for buyer declined to provide Kevin Larsen, Coldwell Banker Real Estate Broker, a copy of the appraisal.

51.     Robin Reese exploited provision 8(e) of Utah Real Estate Purchase Contract and violated Utah Code of Judicial Conduct by acting on non-public information he acquired in his judicial capacity.

> According to Utah Courts, Code of Judicial Conduct, Chapter 12,  A judge shall not intentionally disclose or use nonpublic information acquired in a judicial capacity for any purpose unrelated to the judge's judicial duties.

---

[11] Utah Division of Real Estate News June 2008 **Exhibit 11**
[12] Reference Footnote 9
[13] Declaration of Kevin Larsen, October 20, 2008 **Exhibit 12**

## THIRD CAUSE OF ACTION
### (Breach of Contract)

52.    Plaintiffs hereby incorporate by reference the allegations set forth above as if fully set forth herein.

53.    Attorney Brennan Moss represented himself as an experienced real estate litigator with industry experience litigating cases against large real estate corporate firms, i.e. Coldwell Banker, RE/MAX[14].

54.    April 28, 2010., Endré Glenn retained Attorney Brennan Moss, and the law firm PIA, Anderson, DORIUS REYNARD & MOSS.

55.    Fact discovery closed May 27, 2011 but on January 13, 2011 Attorney Brennan Moss answered opposing counsel's requests for discovery information.

56.    After One year and 29 days, Brennan Moss missed fact discovery, and filed no motions to extend discovery; fact or expert discovery.

57.    Attorney Brennan Moss declined opposing counsel's invitation to participate in a scheduling conference with Judge Waddoups.

58.    During the December 21, 2011 hearing, the Court advised Attorney Brennan Moss: Transcript page 22 Line 13: (excerpt Court Transcript)

> 13  THE COURT: I am still left with no evidence from any
> 14  expert or any other basis to find that that is a nonstandard
> 15  unusual term that Ms. Kane should have pointed out to them.

59.    Attorney Brennan Moss failed to represent his client interests, and sabotaged his client's ability to adequately respond to Coldwell Banker's allegations.

---

[14] E-mail: April 13, 2014 3:12 PM From: Brennan Moss To: Endre' Glenn **Exhibit 15**

60.   Attorney Brennan Moss and Attorney Rob Pointe reached an agreement to delay expert discovery until after the Court ruled on Coldwell's Banker's Motion for Summary Judgment.

61.   Attorney Brennan Moss attended trial unprepared to represent his client's interests.

62.   On February 8, 2012 3:31 p.m. (PST) Attorney Joe Pia talked with Plaintiff.

63.   Attorney Joe Pia admitted that Attorney Brennan Moss failed to conduct fact, expert discovery, and adequately represent his client.

64.   Attorney Joe Pia advised his colleague not to work the case[15].

65.   If Attorney Brennan Moss had conducted expert discovery, he would have discovered the REPC was in fact ambiguous as determined by the Utah Professional Real Estate Association.

66.   If Attorney Brennan Moss had conducted fact discovery, he would have determined that Kevin Larsen, Broker, Coldwell Banker Real estate Broker was negligent in identifying REPC paragraph 8(e) because he stated they buyers cancelled under paragraph 2.4.

67.   If Attorney Brennan Moss had conducted fact discovery, he would have discovered Donna Kane intentionally withheld critical information about the appraisal conducted by the buyer, Robin Reese.

68.   Attorney Brennan Moss & PIA ANDERSON DORIUS REYNARD & MOSS negligence and failure to exercise reasonable care was the "proximate cause" their client lost a viable claim.

69.   If Attorney Brennan Moss had exercised reasonable care his client would have obtained a more favorable result.

---

[15] Pia Anderson Dorius Reynard & Moss Invoice(s) 2010 – 2012 **Exhibits 32-34**

## FOURTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

70.     Plaintiff hereby reincorporates and re-alleges all previous paragraphs in this Complaint.

71.     Under Utah law, all contracts have an inherent covenant of good faith and fair dealing.

72.     Defendant breached the covenant of good faith and fair dealing when he failed to conduct discovery, and inform his client of his intention to forgo obtaining discovery from opposing counsel; interrogatories, depositions, request for productions of documents, and basically any discovery for this case that would benefit or aid his client[16].

73.     Expert witness report closed July 29, 2011.

74.     Attorney Brennan Moss and Rob Pointe reached an agreement to delay expert testimony until after the trial, December 21, 2011.

75.     Attorney Brennan Moss presented no expert witness testimony or any evidence on behalf of his client[17].

76.     Attorney Brennan Moss violated Rules of Professional Conduct, RULE 1.2

> On occasion, however, a lawyer and a client may disagree about the means to be used to accomplish the client's objectives. Clients normally defer to the special knowledge and skill of their lawyer with respect to the means to be used to accomplish their objectives, particularly with respect to technical, legal and tactical matters. Conversely, lawyers usually defer to the client regarding such questions as the expense to be incurred and concern for third persons who might be adversely affected.

77.     Attorney Brennan Moss & Pia, Anderson, DORIUS Reynard, and Moss exercised reasonable care in handling cases for their white clients but the Plaintiff, an African American was not afforded the same level of representation under the law for his case.

---

[16] E-mail: July 7, 2011 4:32 PM From: Endre' Glenn To: Brennan Moss, **Exhibit 20**
[17] E-mail July 7, 2011 4:32 pm From: Endre Glenn To: Brennan Moss, **Exhibit 22**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

A.  For all general, consequential, special or punitive damages incurred under these causes of action in amount to be proved by trial, but no less than $400,000 excluding attorney fees.

B.  For the award of all attorneys' fees and costs incurred in this action with pre- and post-judgment interest, the exact amount to be determined at trial.

C.  For judgment for the Plaintiff in the amount to be determined at trial for Professional Negligence.

D.  For judgment for the Plaintiff in the amount to be determined at trial for Breach of Fiduciary Duty.

E.  For judgment the Plaintiff in the amount to be determined at trial for Breach of Contract.

F.  For judgment for Plaintiff in the amount to be determined at trial for Breach of Implied Covenant of Good Faith and Fair Dealing.

G.  For such other and further relief as the Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(d) of Federal Rules of Civil Procedure Plaintiffs herby demand a trial by jury.

DATED this _5_ day of March, 2015.

Endré Glenn
*Plaintiff (ProSe)*