IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Endre Glenn, <br><br> Plaintiff, <br> v. <br><br> Brennan H. Moss et al. <br><br> Defendants. | MEMORANDUM DECISION AND ORDER ON VARIOUS MOTIONS <br><br> Case No. 2:15-CV-00165-DB-BCW <br><br> District Judge Dee Benson <br><br> Magistrate Judge Brooke C. Wells |

*Pro Se* Plaintiff Endre Glenn ("Plaintiff") filed the Complaint in this case on March 16, 2015, against attorney Brennan H. Moss and the law firm of Pia Anderson Dorius Reynard & Moss ("Defendants").[1] District Judge Dee Benson referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Before the Court is Plaintiff Endre Glenn's Motion for Sanctions,[3] Motion for Extension of Time to Complete Discovery,[4] Motion to Compel Discovery,[5] and Motion for Leave to File a Sur-reply.[6] Also before the Court is third-party ReMax Masters' ("ReMax") Motion for a Protective Order.[7]

## BACKGROUND

Plaintiff alleges four causes of action arising out of his attorney client relationship with Defendants: professional negligence, breach of fiduciary duty, breach of contract, and breach of

---

[1] Docket nos. 1, 5.

[2] Docket no. 12.

[3] Docket no. 45.

[4] Docket no. 46.

[5] Docket no. 56.

[6] Docket no. 62.

[7] Docket no. 54.

the implied covenant of good faith and fair dealing.[8]  This is essentially a professional negligence action against Plaintiff's former attorney.

To be more precise, this is a case-within-a-case wherein a legal malpractice claimant must show that, but for the attorney's negligence, the plaintiff would have won the case underlying the malpractice action.  Therefore, to establish proximate cause, the claimant must show that it would have prevailed in the underlying suit but for the attorney's negligence.[9]  The Court's analysis therefore has to be cognizant of Plaintiff's obligation to prove not only this case, but also the case-within-this-case—*Glenn et al v. Kane*—which was dismissed at summary judgment allegedly because of Defendant's negligence.[10]

Several years ago, Plaintiff offered his home for sale.  The sale failed and Plaintiff hired attorney Moss to represent Plaintiff in an action against Coldwell Banker for breach of contract and breach of fiduciary duties.[11]  The court granted summary judgment in favor of defendant.[12]  Plaintiff's instant case is against the attorney who represented him in that prior action.  Plaintiff claims that attorney Moss failed to "conduct a title search," failed "to serve Coldwell Banker with discovery requests," missed relevant deadlines—including fact and expert discovery deadlines—and failed to introduce evidence that the Utah Association of Realtors found the Utah standard real estate purchase contract ("REPC") to be "ambiguous".[13]

---

[8] Docket no. 1.

[9] *Kranendonk v. Gregory & Swapp, PLLC,* 2014 UT App 36, ¶ 1, 320 P.3d 689, 691, *cert. denied sub nom. Krandendonk v. Gregory*, 329 P.3d 36 (Utah 2014) (noting "malpractice claim" involves "case within a case" such that if the underlying action lacked merit, no damages can result from the subsequent malpractice claim).

[10] Docket no. 1, at ¶¶ 20–30.

[11] *Glenn et al v. Kane*, 2:10-cv-00726.

[12] *Id*. at docket no. 28.

[13] Docket no 1, at ¶¶ 20–21, 24–26, 46.

Plaintiff filed the instant case and a scheduling order was entered on August 18, 2015, which set the deadline for initial disclosures at August 10, 2015.[14] However, apparently initial disclosures were never exchanged. The scheduling order also provided that January 15, 2016, would be the last day to serve written discovery and that fact discovery would close on February 15, 2016.[15]

Plaintiff, *pro se*, served subpoenas for the production of documents on Coldwell Banker Real Estate, Utah Division of Real Estate and ReMax. After holding a hearing, the Court quashed the subpoenas to Coldwell Banker as it would be unduly burdensome and would place considerable expense on a non-party to comply.[16] Further, the Court also quashed Plaintiff's subpoena to the Utah Division or Real Estate but recommended Plaintiff file a GRAMA request.[17] While the Court was unsure whether ReMax had responsive documents, ReMax did not respond to oppose Plaintiff's Motion to Compel, therefore, the Court ordered that ReMax had to either produce the requested documents or submit an affidavit to the Court explaining noncompliance.[18]

On January 19, 2016, Susie Martindale at ReMax filed a declaration stating under oath that the documents Plaintiff requested were destroyed in the ordinary course of business subject to ReMax's document retention policies and practices.[19] Ms. Martindale further swore that while ReMax had kept the file that was the subject of Plaintiff's prior lawsuit against Ms.

---

[14] Docket no. 14.

[15] *Id.*

[16] Docket no. 31.

[17] Docket no. 37.

[18] Docket no. 43.

[19] Docket no. 44, at ¶ 13.

Martindale, ReMax and Ms. Martindale were unaware of the instant case and had no reason to retain the files that Plaintiff sought (incidentally every REPC from 2005 to 2008).[20]

It was, therefore, after the written discovery deadline that Plaintiff became aware that he would not be getting any documents from ReMax. Plaintiff, on February 10, 2016, filed a Motion to Extend Discovery with the Court[21] and on February 24, 2016, Plaintiff served discovery requests upon Defendants.[22] Defendants do not oppose extending discovery to "finalize the discovery that was outstanding as of the close of fact discovery, but they do oppose extending discovery to allow Plaintiff to conduct additional discovery."[23] Defendants responded to Plaintiff's discovery requests calling them "untimely" as "they were served after the discovery cutoff" but reserved their right to supplement should discovery be extended.[24]

## ANALYSIS

### 1. Plaintiff's Motion for Sanctions

Plaintiff seeks sanctions against non-party ReMax for alleged spoliation of documents. Specifically, Plaintiff seeks sanctions in the amount of $19,946.59, the amount he incurred in legal expenses in a separate case filed against ReMax.[25] Plaintiff also argues that Ms. Martindale's declaration was untimely and should not be considered by the Court.

As an initial matter, Ms. Martindale's declaration is timely. On December 17, 2015, the Court granted Plaintiff's Motion to Compel discovery against ReMax and gave ReMax "thirty (30) days from the date of this Order to either produce the documents requested by Plaintiff or

---

[20] Docket no. 44, at ¶ 25.

[21] Docket no. 46.

[22] Docket no. 58-1.

[23] Docket no50, at 1.

[24] Docket no. 58-3.

[25] Docket no. 45, at 3.

submit an affidavit to the Court outlining the reasons(s) why compliance with the subpoena cannot be completed."[26]

Ms. Martindale's declaration was sworn and filed on January 19, 2016.[27] Time is computed pursuant to Federal Rule of Civil Procedure 6, which provides that "[t]he following rules apply to computing any time period specified in . . . any . . . court order . . . ."[28] To calculate the deadline one must "count every day, including intermediate Saturdays, Sundays, and legal holidays."[29] In so doing, one must "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."[30] The thirty day period ran on Saturday, January 16, 2016. As the deadline fell on a Saturday, the period continued to run until Monday, January 18, 2016. Because that day was Martin Luther King Jr.'s Birthday, a federal holiday, the period continued to run until Tuesday, January 19, 2016.[31] Ms. Martindale's declaration is timely and will be considered by the Court.

Ms. Martindale's declaration explains that documents pertaining to the real estate transaction between third-party Reese and Plaintiff have been preserved subject to a litigation hold, while ReMax has not kept every REPC executed between 2005 and 2008. These documents have since been destroyed in the ordinary course of business. The Court is persuaded that ReMax has complied with the Court's December 17, 2015 Order and has persuaded the

---

[26] Docket no. 43, at 2.

[27] Docket no. 44.

[28] *Fed. R. Civ. P.* 6.

[29] *Id.* at (a)(1)(B).

[30] *Id.* at (a)(1)(C).

[31] *Id.* at (a)(6)(A).

Court that it has not engaged in spoliation of evidence. As such, the Court DENIES Plaintiff's Motion for Sanctions.

## 2. Third-Party ReMax's Motion For Protective Order

Susie Martindale and ReMax move the Court for a protective order to relieve ReMax of any duties to respond to discovery requests or subpoenas issued by Plaintiff, relieve ReMax of the duty to respond to the written discovery requests propounded by Plaintiff, prohibit Plaintiff from conducting any discovery of ReMax, and award ReMax its fees incurred in prosecuting this Motion.[32] After ordinary briefing on this matter, Plaintiff field a Motion for Leave to File a Sur-reply[33] then refiled the Motion for Leave to File Sur-reply with the proposed Sur-reply attached.[34] As an initial matter, the Court GRANTS Plaintiff's Motion and will consider his Sur-reply, which is well taken.[35]

Because Plaintiff must show "causation" in this case, the Plaintiff is required to show that he would have prevailed on the merits of the underlying litigation absent the attorney's mishandling of the case.[36] This suit arises out of the conduct of Defendants in litigating *Glenn et al v. Kane et al*. The prior case ended with the Court granting summary judgment in the defendant's favor and awarding attorney fees to defendant. Given the disposition of the prior case, and the requirement that Plaintiff show that he would have prevailed in the underlying suit but for the attorney's negligence, the facts of the former case—and the conduct of Mr. Glenn's attorney during that former case—is relevant to litigating the current case.

---

[32] Docket no. 54.

[33] Docket no. 62.

[34] Docket no. 63.

[35] *Kranendonk v. Gregory & Swapp, PLLC,* 2014 UT App 36, ¶ 1, 320 P.3d 689, 691, *cert. denied sub nom. Krandendonk v. Gregory*, 329 P.3d 36 (Utah 2014) (noting "malpractice claim" involves "case within a case" such that if the underlying action lacked merit, no damages can result from the subsequent malpractice claim).

[36] *Id.* at ¶ 20.

ReMax acknowledged that it received and complied with Plaintiff's subpoena in the prior case.[37] Plaintiff's version of this case is that his attorney in the prior case committed legal malpractice, which resulted in the prior case being dismissed and attorney fees being assessed against Plaintiff. The Court does not know if ReMax has relevant documents or information that could assist Plaintiff in proving his current case, but understands that Plaintiff must delve into the facts of the prior case in order to attempt to prove the current one. Doing so requires ReMax's compliance to determine whether ReMax has information relevant to mishandling the underlying case.

The Court has determined that ReMax cannot comply with Plaintiff's subpoena for documents and that ReMax's inability to comply with Plaintiff's subpoena for documents is excusable. However, because ReMax is unable to comply with the subpoena, the need to depose either ReMax or Susie Martindale may be relevant to attempt to prove that legal malpractice derailed his former case. The Court does not find that Plaintiff's conduct is calculated to annoy, oppress, or unduly burden ReMax at this time, but will not prevent ReMax from filing a similar future motion should ReMax develop evidence that further supports this position. Given the foregoing, the Court DENIES ReMax's Motion for a Protective Order but will consider future motions should Plaintiff's subpoena for deposition unduly burden ReMax or if ReMax can show that it does not have information that could assist Plaintiff in in proving his underlying case. The Court is unclear about whether Plaintiff desires the documents between third-party Reese and Plaintiff that ReMax has maintained. ReMax is ORDERED to turn over such remaining files should Plaintiff request them.

**2. Plaintiff's Additional Motions**

---

[37] Docket no. 54, at v.

Plaintiff has also filed a Motion for Extension of Time to Complete Discovery and a Motion to Compel Discovery against Defendant.[38]

Fact discovery was set to close on February 15, 2016, when Plaintiff, on February 10, 2016 filed a Motion to Extend Discovery until March 31, 2016. Plaintiff seeks the extension because he is still awaiting documents from the Utah Division of Real Estate pursuant to a GRAMA request and states he needs additional time to respond to Defendants' requested written discovery requests.

Moreover, Plaintiff intended to receive documents from ReMax related to the facts of his case within a case. However, because ReMax had already destroyed those documents pursuant to its records retention policy, Plaintiff has to work around not having whatever benefit those documents would provide to him. In doing so, Plaintiff sought an extension of fact discovery.

Defendants do not oppose extending discovery to finalize the discovery that was outstanding as of the close of fact discovery but do oppose extending the discovery period to allow Plaintiff to conduct additional discovery. Defendants oppose having to respond to Plaintiff's Requests for Admissions, Interrogatories, and Requests for Production of Documents served on February 25, 2016 as it was served after the initial fact discovery deadline (but after Plaintiff's motion to extend time).

Plaintiff's motion to compel discovery is related to Plaintiff's motion to extend time. After filing for an extension of fact discovery, Plaintiff served discovery requests on Defendants. Defendants indicated that they will not respond to Plaintiff's discovery requests because the requests were filed out of time. This matter should be resolved using the Federal Rules of Civil Procedure as a guide. However, unfortunately, both parties appear to be working backwards

---

[38] Docket no. 46, 56.

through the discovery process. Defendants point out that Plaintiff failed to provide initial disclosures as required by the federal rules, but also admit that Defendants themselves have also failed to provide initial disclosures.[39] The exchange of initial disclosures *begins* the discovery process. Defendants' opposition would be better taken by the Court had Defendants complied with the Federal Rules of Civil Procedure themselves. The Court considers both parties' inability to follow the Federal Rules of Civil Procedure in determining these Motions.

Plaintiff initially sought an extension of discovery until March 31, 2016. Plaintiff served discovery requests on Defendants on February 25, 2016. Defendants served discovery requests on Plaintiff on January 15, 2016. In addition, Plaintiff sent to the Court on March 31, 2016, subpoenas duces tecum for both Susie Martindale at ReMax and Donna Kane at Coldwell Banker. The date of both proposed depositions has now passed. The Court will allow Plaintiff to reschedule said depositions.[40] Although the Court is allowing Plaintiff to issue subpoenas for deposition, the third parties who are compelled to be deposed maintain their legal rights to oppose such depositions. Plaintiff is instructed to re-send updated subpoenas to the Court by May 27, 2016, so the third-parties have sufficient time to prepare for depositions.

Considering the foregoing, the Court GRANTS-IN-PART and DENIES-IN-PART Plaintiff's Motion to Extend Discovery and Motion to Compel Discovery. The discovery period will be extended for the following limited discovery to occur:

First, the parties are required to simultaneously exchange initial disclosures in this matter by Friday, May 27, 2016.

---

[39] Docket no. 58, at 4–5.

[40] Should depositions proceed, the Court desires the depositions occur at the federal courthouse in Salt Lake City, Utah the week of June 20th, 2016, or other mutually agreed upon time, so that Judge Wells can be easily accessible should a dispute arise during said depositions.

Second, both parties are required to respond to each other's already-served discovery requests by June 10, 2016.

Finally, should Plaintiff still wish to depose Susie Martindale and/or Donna Kane, Plaintiff is instructed to re-send updated subpoenas to the Court by May 27, 2016, so that third-parties have sufficient time to prepare for deposition. These depositions are to occur by Friday, July 1, 2016, unless the parties stipulate to additional time or the Court so orders it.

The Court cautions both parties to follow the rules of procedure that govern all litigants. Just because Plaintiff is proceeding *pro se* does not give Defendants the right to rebuff their own obligations under these rules. At the same time, Plaintiff, proceeding *pro se*, has the same obligations to follow these rules as Defendants. Both parties are urged to timely comply with this Order and the Federal Rules of Civil Procedure for the duration of this litigation.

## CONCLUSION

Plaintiff's Motion for Sanctions is DENIED.[41]

Plaintiff's Motion for Leave to File a Sur-reply is GRANTED.[42]

Third-Party ReMax's Motion for a Protective Order is DENIED.[43]

Plaintiff's Motion for an Extension of Time to Complete Discovery and Plaintiff's Motion to Compel Discovery is GRANTED-IN-PART and DENIED-IN-PART as outlined herein.[44]

---

[41] Docket no. 45.

[42] Docket no. 63. Docket no. 62 is mooted as it appears to be duplicative of Docket no. 63.

[43] Docket no. 54.

[44] Docket nos. 46, 56.

IT IS SO ORDERED.

    DATED this 17 May 2016.

                                      Brooke C. Wells
                                      United States Magistrate Judge

11