IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ENDRE GLENN,<br><br>                    Plaintiff,<br><br>v.<br><br>BRENNAN H. MOSS and PIA ANDERSON DORIUS REYNARD & MOSS, LLC,<br><br>                    Defendant. | **REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Case No. 2:15cv165-DN-BCW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

*Pro Se* Plaintiff Endre Glenn ("Plaintiff") filed the Complaint in this case on March 16, 2015, against attorney Brennan H. Moss and the law firm of Pia Anderson Dorius Reynard & Moss ("Defendants").[1] District Judge Dee Benson[2] referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[3] Before the Court are Defendants' Motion for Summary Judgment[4] and Declaration of Brennan H. Moss in Support of Defendants' Motion for Summary Judgment,[5] Defendants' Motion to Strike Plaintiff's Untimely Cross Motion for Summary Judgment,[6] Defendants' Motion to Extend Deadline to file Memorandum

---

[1] Docket no. 1 and Docket no. 5.

[2] District Judge Dee Benson recused from this case on November 16, 2016, and the case was reassigned to District Judge David Nuffer. Docket no. 97.

[3] Docket no. 12.

[4] Docket no. 90.

[5] Docket no. 91.

[6] Docket no. 100.

in Opposition to Plaintiff's Cross Motion for Summary Judgment,[7] and Plaintiff's Cross Motion for Summary Judgment.[8]

### A. DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNTIMELY CROSS MOTION FOR SUMMARY JUDGMENT

Defendants' request the Court to strike Plaintiff's Cross Motion for Summary Judgment ("Cross MSJ") based on the fact that it was filed approximately two weeks after the dispositive motion deadline.[9]  In response, Plaintiff argues that his Cross MSJ is filed in opposition to Defendants' Motion for Summary Judgment, as well as seeking summary judgment in his favor.[10]

In their motion to strike, Defendants note that Plaintiff has continually failed to meet the deadlines of this Court.  Not only has Plaintiff failed to serve his initial disclosures on Defendants,[11] but Plaintiff also failed to timely respond to discovery requests, failed to serve his discovery requests on Defendants by the discovery deadline, failed to file expert reports by the deadline, and now has failed to meet the dispositive motion deadline.[12]  In the Court's May 17, 2016 Order, the Court cautioned both parties to follow the rules of procedure that govern all litigants and urged the parties to timely comply with the Court's Order and the Federal Rules of Civil Procedure during this litigation.[13]  Plaintiff has failed to adhere to this Court's Order and

---

[7] Docket no. 101.

[8] Docket no. 95.

[9] *See* Docket no. 100.

[10] Docket no. 102.

[11] The Court notes that Defendants, who are represented by counsel, also missed the first deadline to exchange initial disclosures.  *See* Docket no. 58, p. 4-5.

[12] *See* Docket no. 100, p. 6.

[13] *See* Docket no. 66.

did not seek an extension of time prior to the expiration of deadline for filing dispositive motions.

Since the deadline has passed and Plaintiff failed to seek leave of the Court to file a late motion for summary judgment, the Court's hands are tied with respect to extending the time for Plaintiff to file a dispositive motion.[14] Accordingly, the Court will not consider Plaintiff's Cross MSJ as a motion for summary judgment.

That said, it is clear from Plaintiff's filing that he was unfamiliar or confused about how to properly respond to a motion for summary judgment. In opposing Defendants' motion to strike, Plaintiff states that his Cross MSJ was filed in part as an opposition to Defendants' motion for summary judgment.[15] "[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires."[16]

Plaintiff's Cross MSJ was timely filed as an opposition to Defendants' motion for summary judgment. Although its form and substance vary from the letter of the procedural rule, this Court will consider Plaintiff's Cross MSJ the "functional equivalent" to an opposition to Defendants' motion for summary judgment.

Therefore, Defendants' Motion to Strike Plaintiff's Cross MSJ is hereby GRANTED-in-PART and DENIED-in-PART.

---

[14] *See* Federal Rules of Civil Procedure 6(b) (the Court may, for good cause, extend a deadline with or without motion prior to the expiration of a deadline, but may only extend a deadline once it expires upon a motion and a finding of excusable neglect).

[15] Docket no. 102.

[16] *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 316-317 (1988).

### B. DEFENDANTS' MOTION TO EXTEND DEADLINE TO FILE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS SUMMARY JUDGMENT

Based on this Court's ruling above on Defendants' Motion to Strike and its review of the parties' filings, the Court does not need additional briefing from the parties in order to decide Defendants' Motion for Summary Judgment. Accordingly, Defendants' Motion to Extend Deadline to File Memorandum in Opposition to Plaintiff's Cross Summary Judgment[17] is DENIED.

### C. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendants' Motion for Summary Judgment ("MSJ").[18] Per this Court's decision above, Plaintiff's Cross Motion for Summary Judgment will be construed as Plaintiff's opposition to Defendants' MSJ.[19] The Court finds that the pleadings filed by the parties are sufficient and no hearing on the motion is necessary. For the reasons set for below, the Court recommends that Defendants' Motion for Summary Judgment be GRANTED.

### I. BACKGROUND[20]

Plaintiff was attempting to sell his property in 2007. In September 2007, Plaintiff entered into a Listing Agreement with real estate agent, Donna Kane, and her brokerage, NRT LLC d/b/a Coldwell Banker Residential Brokerage (collectively "Coldwell Banker"). On December 18,

---

[17] Docket no. 101.

[18] Docket no. 90.

[19] Docket no. 95.

[20] All facts included in this section were taken from the briefs and exhibits filed in conjunction with Defendants' Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment (Opposition). *See* Docket no. 90, Docket no. 91, and Docket no. 95. The Court also takes judicial notice of other Court decisions entered in Plaintiff's prior cases.

2007, Plaintiff received an offer in the form of a real estate purchase contract ("REPC") from the prospective buyers ("Buyers") for a price of $540,000.  In Section 8(e) of the REPC, the Buyers obligation to purchase the property was conditioned upon their approval of any tests or evaluations "deemed necessary by buyers" during their due diligence.  Thereafter, the Buyers sought to cancel or reduce the purchase price upon finding out the property appraised for $80,000 less than the offer.  Plaintiff did not accept Buyer's offer to reduce the price; thus, the Buyers cancelled the contract.

First, Plaintiff sued the Buyers for breach of the REPC, breach of good faith and fair dealing, and specific performance ("Buyer Case").  After Plaintiff lost at the trial level, Plaintiff appealed.  On appeal, the Supreme Court of Utah found in favor of Buyers finding that the REPC was unambiguous, and that the Buyers were able to cancel the contract based on an unfavorable appraisal under Section 8(e) of the REPC.[21]

Next, Plaintiff sued Coldwell Banker, for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty ("Agent Case").  Defendants represented Plaintiff in the Agent Case, which is the subject of the Malpractice Case now before the Court.  The Listing Agreement required Coldwell Banker to adhere to fiduciary duties of loyalty, full disclosure, confidentiality, and reasonable care, and review all offers with Plaintiff.  Plaintiff claims that Coldwell Banker breached the Listing Agreement and their fiduciary duty to Plaintiff by failing to properly review the REPC with Plaintiff and failing to notify Plaintiff that Buyers could cancel the contract under Section 8(e)—which he claims is a non-standard provision requiring mention and review with Plaintiff.  Plaintiff claims that if

---

[21] *Glenn v. Reese*, 225 P.3d 185, 190 (Utah 2009).

Coldwell Banker would have notified him about the effect of Section 8(e) of the REPC, he *could have* addressed the potential problem with terms in a counter offer. Further, he claims that once Coldwell Banker knew the Buyers were countering and/or canceling based on an appraisal, Coldwell Banker should have obtained the Buyer's appraisal to allow Plaintiff to verify the counteroffer, which he *may have* accepted after verification. According to Plaintiff, based on Coldwell Banker's failure to address Section 8(e) with him, he was damaged because he incurred attorney's fees in attempting to enforce the REPC against Buyers, and he was unable to sell the property after the Buyer's cancelled the sale.

The Agent Case came before the Honorable Judge Waddoups on Coldwell Banker's motion for summary judgment on December 21, 2011.[22] At that hearing, Judge Waddoups questioned how Plaintiff was damaged if Coldwell Banker was in breach. Judge Waddoups found that there was no admissible evidence of damages, and that damages were far too speculative to sustain a cause of action. Further, Judge Waddoups found that Coldwell Banker did not have a duty to specifically point out Section 8(e) of the REPC to Plaintiff or provide Plaintiff with any legal advice as Plaintiff was charged with having read the REPC and had the opportunity to counter at that time.[23] Plaintiff appealed Judge Waddoups decision to the Tenth Circuit.[24] Before the Tenth Circuit, Plaintiff presented new arguments raised for the first time on appeal. The Tenth Circuit held that it would not consider the new arguments, and affirmed Judge Waddoups ruling.

---

[22] *Glenn v. Kane, et al.*, 2:10cv726-CW, Docket no. 42.

[23] It is noted that Plaintiff did counter the Buyer's initial offer by increasing the earnest money, no other changes were proposed. *See* Docket no. 91-2, p. 7.

[24] *Glenn v. Kane*, 494 Fed.Appx. 916 (10th Cir. 2012).

6

Now, Plaintiff is suing Defendants, his counsel in the Agent Case, for professional negligence (a.k.a. malpractice), breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing ("Malpractice Case"). Plaintiff's claims are based on the fact that Defendants did not conduct fact or expert discovery in the Agent Case, and claims that the outcome in the Agent Case would be different if Defendants had done so. Defendants claim that the outcome of the underlying case would not have been different based on Judge Waddoups ruling that Plaintiff had failed to state a claim for which relief could be granted, and his finding that Plaintiff was charged with knowledge of the contractual terms and there was no special or additional duties charged to his real estate agent.

## II. LEGAL STANDARDS

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[25] "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."[26] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the

---

[25] Fed. R. Civ. P. 56(c).

[26] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original).

nonmoving party in the face of all the evidence presented.[27] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[28]

### III. DISCUSSION

The main cause of action in this case, and the one that the remaining claims stem from, is the professional negligence claim (a.k.a. malpractice). "In a legal malpractice action, a plaintiff must plead and prove (i) an attorney-client relationship; (ii) a duty of the attorney to the client arising from the relationship; (iii) a breach of that duty; (iv) a causal connection between the breach of duty and the resulting injury to the client; and (v) actual damages."[29] To prove proximate cause, the plaintiff 'must show that absent the attorney's negligence, the underlying suit would have been successful.'"[30] In other words, for the Plaintiff to succeed in his Malpractice Case he must prove a case-within-a-case by showing that, but for the Defendants' negligence, Plaintiff would have won the underlying Agent Case. "Thus, summary judgment is appropriate (i) when the facts are so clear that reasonable persons could not disagree about the underlying facts or about the application of a legal standard to the facts, and (ii) when the proximate cause of an injury is left to speculation so that the claim fails as a matter of law."[31]

---

[27] *Anderson*, 477 U.S. at 248 (1986); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007)("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.")(internal citations and quotations omitted).

[28] *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[29] *Kranendonk v. Gregory & Swapp, PLLC*, 320 P.3d 689, 693 (Utah Ct. App. 2014) (*quoting Harline v. Barker*, 912 P.2d 433, 439 (Utah 1996)).

[30] *Id.*

[31] *Harline*, 912 P.2d at 439.

a. *The Underlying Agent Case*

As set forth above, Plaintiff lost the Agent Case on summary judgment before Judge Waddoups. Now, this Court must reevaluate Plaintiff's Agent Case based on the facts before the Court and determine whether the outcome would have been different due to the alleged malpractice of Defendants. As explained below, this Court finds that the outcome would not have been different as Plaintiff's claims in the Agent Case fail as a matter of law and not because his counsel failed to properly prosecute his claims.

The underlying Agent Case is based on Plaintiff's claims against Coldwell Banker for breach of contract, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty. All three claims stem from Plaintiff's claim that Coldwell Banker breached its contractual and fiduciary duties to Plaintiff by "failing to properly review the REPC with Plaintiffs and failing to notify Plaintiffs that the Buyers had inserted non-standard language in the REPC allowing them to cancel the REPC based on their disapproval of any tests or evaluations."[32] In order to succeed on Plaintiff's claims, Plaintiff must show that Coldwell Banker had a contractual and/or fiduciary duty to notify Plaintiff of Section 8(e) because it was a non-standard provision, that Coldwell Banker breached this duty, and Plaintiff was damaged by the breach.

For each cause of action in the Agent Case, Plaintiff must prove how he was damaged. In Plaintiff's Agent Case complaint, he claims that he was damaged because he was unable to find another buyer, and he incurred approximately $75,000 in attorneys' fees in the Buyer

---

[32] *Glenn v. Kane*, 2:10cv726, Docket no. 1 (Complaint), ¶45.

Case.[33]  He claims that these damages were the direct and proximate result of Coldwell Banker's breach.[34]

"The general rule of damages is that damages for the breach of a contract cannot be recovered unless they are clearly ascertainable, both in their nature and origin, and unless it is established they are the natural and proximate consequences of the breach and are *not contingent or speculative*."[35]  "It is also well settled that the amount of damages resulting from such a breach must be ascertainable with some degree of certainty and may not be based on mere speculation and conjecture alone."[36]

Plaintiff claims that *if* Coldwell Banker would have notified him that Buyers could cancel under Section 8(e), he *would* have been able to counter that provision.  And *if* that would have happened who knows if Buyers would have accepted, rejected or countered.  Further, Plaintiff claims that *if* Coldwell Banker would have obtained a copy of the appraisal from Buyers when they summited the counter offer to reduce the price or cancel, Plaintiff could have verified the appraisal and *may* have accepted the reduced price offer.  All such scenarios rely on multiple levels of speculation and are inadmissible.  Without the benefit of hindsight, there is no telling if the Plaintiff would have acted differently than he did if Coldwell Banker had specifically told him Buyers could cancel under Section 8(e) or if they had obtained a copy of the appraisal.  Any evidence of what Plaintiff claims he would have done now (with the benefit of hindsight) is all

---

[33] *See id.* at ¶¶ 37 and 40.

[34] *See id.* at ¶ 46.

[35] *General Finance Corp. v. Dillon*, 172 F.2d 924, 930 (10th Cir. 1949) (emphasis added).

[36] *Id.*

based on speculation and conjecture. Without clearly ascertainable damages, Plaintiff's claims in the Agent Case fail as a matter of law.

This is the same conclusion that Judge Waddoups reached in granting summary judgment to Coldwell Banker in the Agent Case. This Court agrees with Judge Waddoups finding that Plaintiff's Agent Case fails as a matter of law based on his inability to prove damages. This inability to prove damages is not Defendants fault, and the Court does not see any way Defendants could have established damages based on the facts of the Agent Case. This Court cannot and will not reach a different result here.

      b. *The Malpractice Case*

Plaintiff claims that, but for his counsel's malpractice in the Agent Case, he would have prevailed. As discussed above, regardless of his counsel's actions in the underlying Agent Case, Plaintiff's claims failed as a matter of law due to the speculative nature of the damages claimed. Thus, as a matter of law in the Malpractice Case, Plaintiff cannot succeed on his malpractice claim because he cannot show that he would have prevailed in the underlying Agent Case. All other claims brought against Defendants by Plaintiff hinge upon Plaintiff's failed malpractice claim. Therefore, no further analysis on Plaintiff's other claims in the Malpractice Case is warranted. Accordingly, summary judgment in favor of Defendants is appropriate.

## RECOMMENDATION

For the foregoing reasons, the undersigned hereby RECOMMENDS that

1)    Defendants' Motion to Strike Plaintiff's Cross MSJ be GRANTED-in-PART by striking Plaintiff's Cross MSJ as Plaintiff's Motion for Summary Judgment, and be DENIED-in-

PART by allowing Plaintiff's Cross MSJ to stand as an Opposition to Defendants' Motion for Summary Judgment;

2) Defendants' Motion to Extend Deadline to File Memorandum in Opposition to Plaintiff's Cross Summary Judgment[37] be DENIED; and

3) Defendants' Motion for Summary Judgment be GRANTED.

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[38] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[39] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 1 March 2017.

*[signature]*

Brooke C. Wells
United States Magistrate Judge

---

[37] Docket no. 101.

[38] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[39] *Id.*