IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ENDRE GLENN,<br><br>                  Plaintiff,<br><br>v.<br><br>BRENNAN H. MOSS and PIA ANDERSON DORIUS REYNARD & MOSS, LLC,<br><br>                  Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>• **ACCEPTING [119] REPORT AND RECOMMENDATION;**<br>• **GRANTING [125] DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY TO RESPONSE TO REPORT AND RECOMMENDATION; AND**<br>• **DENYING [131] PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Case No. 2:15-cv-00165-DN-BCW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke C. Wells |

Pro se plaintiff Endre Glenn ("Glenn") filed this action against the law firm of Pia Anderson Dorius Reynard & Moss, LLC, and attorney Brennan H. Moss (together, "Pia Anderson"). Pia Anderson represented Glenn in a Utah State court action against Glenn's former real estate agent and brokerage.[1] The Complaint alleges that Pia Anderson mishandled litigation against a real estate agent and brokerage for which Glenn hired the firm.[2] Glenn asserts claims for professional negligence (legal malpractice), breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing.[3]

---

[1] Complaint, docket no. 1, filed March 16, 2015.

[2] *Id.*

[3] *Id.*

The case was referred to United States Magistrate Judge Brooke Wells[4] to handle all matters, including a report and recommendation on dispositive matters.[5] The Magistrate Judge issued a Report and Recommendation (the "R&R")[6] on March 1, 2017 recommending action on four separate but related motions. The R&R recommends:

- GRANTING the Motion for Summary Judgment[7] filed by Pia Anderson (the "Summary Judgment Motion");

- STRIKING the Cross Motion for Summary Judgment[8] filed by Glenn (the "Cross Motion");

- GRANTING IN PART and DENYING IN PART Defendants' Motion to Strike Plaintiff's Untimely Cross Motion for Summary Judgment[9] by striking the Cross Motion but considering the Cross Motion as an opposition to the Summary Judgment Motion; and

- DENYING Defendants' Motion to Extend Deadline to File Memorandum in Opposition to Plaintiff's Cross Motion for Summary Judgment because no response to the stricken Cross Motion is required.[10]

The parties were notified of their right to file objections to the R&R within 14 days of service pursuant to 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure 72(b)(2).[11] Glenn filed an objection to the R&R (the "Objection to R&R"), arguing that his professional negligence and related claims should not be dismissed because: (1) the Magistrate Judge disregarded facts regarding the prior litigation; (2) Glenn's claim in the prior litigation was not speculative as the Magistrate Judge determined; and (3) if the prior litigation was unwinnable, then Pia Anderson

---

[4] Order Referring Case, docket no. 12, entered July 7, 2017.

[5] 28 U.S.C. § 636(b)(1)(B).

[6] Docket no. 119, filed March 1, 2017.

[7] Docket no. 90, filed October 14, 2016.

[8] Docket no. 95, filed October 28, 2016.

[9] Docket no. 100, filed November 18, 2016.

[10] Docket no. 101, filed November 18, 2016.

[11] R&R at 12, docket no. 119.

had a duty to advise Glenn not to pursue the litigation.[12] Pia Anderson responded to the Objection to the R&R.[13] No further briefing on the R&R is provided under to 28 U.S.C. § 636(b). Glenn nevertheless filed a reply to Pia Anderson's response to the Objection to the R&R,[14] which Pia Anderson moved to strike.[15] Glenn responded with a motion for leave to file a sur-reply,[16] which asserted that Glenn's arguments in reply should be accepted.

The district court must make a de novo determination of those portions of a magistrate judge's report and recommendation to which objections are made.[17] The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[18] De novo review has been completed of those portions of the report, proposed findings, and recommendations to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the R&R.[19] On this basis, Glenn's objections are overruled, and the R&R is ACCEPTED.

Because the arguments in Glenn's reply in support of his Objection to the R&R have been considered and rejected, Pia Anderson's motion to strike the reply[20] is DENIED. Because

---

[12] Objection to R&R, docket no. 120, filed March 14, 2017.

[13] Response to Objection to R&R, docket no 121, filed March 28, 2017.

[14] Reply re Objection to R&R, docket no. 123, filed April 10, 2017.

[15] Motion to Strike Reply Brief or, in the Alternative, Motion for Leave to File Sur-reply, docket no. 125, filed April 20, 2017.

[16] Motion for Leave to File Sur-Reply, docket no. 131, filed May 25, 2017 (also filed as a sur-reply brief, docket no. 130, filed May 25, 2017).

[17] 28 U.S.C. § 636(b)(1)(C).

[18] *Id.*

[19] 28 U.S.C. § 636(b).

[20] Docket no. 125.

no further briefing on the R&R is required or permitted, Glenn's motion for leave to file a sur-reply in support of his Objection to the R&R[21] is DENIED.

## BACKGROUND[22]

In 2007 Glenn owned a home in Murray, Utah, which he sought to sell because he was relocating to the State of Washington.[23] Glenn engaged real estate agent Donna Kane and her brokerage, NRT LLC d/b/a Coldwell Banker Residential Brokerage (collectively, the "Agent"), to list the home. Glenn received an offer on December 18, 2007 from potential buyers Robin and Judith Reese (collectively, the "Buyers") to purchase the home.[24] Robin Reese was at that time a judge in Third District Court, Salt Lake County, State of Utah.[25] The Buyers' offer came in the form of a Real Estate Purchase Contract (the "Purchase Contract") with a purchase price of $540,000.[26] The Purchase Contract was derived from the form Real Estate Purchase Contract then used by Utah Realtors as the industry standard (the "Standard REPC").[27] The Purchase Contract provides in Section 8(e): "Buyer's obligation to purchase under this Contract . . . IS conditioned upon Buyer's approval of the following tests and evaluations of the Property: Any other deemed necessary by buyers."[28]

---

[21] Docket no. 131.

[22] Material facts are drawn from the undisputed facts in the Summary Judgment Motion and Cross Motion, as well as the documents attached thereto.

[23] Summary Judgment Motion ¶ 1; Cross Motion p. 1.

[24] Purchase Contract, Moss Declaration in Support of Summary Judgment Motion, Ex. 2, docket no. 91-2, filed October 14, 2016.

[25] Summary Judgment Motion p. 2; Cross Motion pp. 2–3.

[26] *Id.*

[27] *Id.*

[28] *Id.* § 8(e).

After obtaining an independent appraisal showing that the property was valued at less than the offered purchase price, the Buyers relied on Section 8(e).[29] The Buyers counter-offered at the lower price of $460,000 and, when that was not accepted, refused to purchase the home.[30] Glenn denied that Section 8(e) permitted the counter-offer or termination of the Purchase Contract. With market conditions worsening in the face of a well-documented recession impacting the real estate market in 2007 and the following years, Glenn could not sell the home on terms acceptable to him for years.[31]

Glenn sought retribution for the failed sale. Glenn first sued the Buyers (the "Buyer Action") in Utah State court. Glenn asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, and specific performance (fraud was not alleged). After losing in the trial court, Glenn appealed. On appeal, the Supreme Court of Utah held in favor of the Buyers, finding that the Purchase Contract was unambiguous and enforceable as a matter of law, and that the Buyers were able to cancel the Purchase Contract under Section 8(e) based on an unfavorable appraisal.[32]

Glenn next sued the Agent (the "Agent Action") in federal court. Pia Anderson represented Glenn in the action. Glenn argued that the Agent breached contractual and fiduciary duties by failing to advise Glenn of the effect of Section 8(e).[33] On summary judgment Judge Waddoups dismissed Glenn's claims for breach of contract, breach of the implied covenant of

---

[29] Summary Judgment Motion ¶¶ 5–7; Cross Motion p. 2.

[30] *Id.*

[31] The home sold in April 2013. Objection to R&R at 6.

[32] *Glenn v. Reese*, 225 P.3d 185, 190 (Utah 2009).

[33] Complaint in Agent Action, Moss Declaration in Support of Summary Judgment Motion, Ex. 1 ("Agent Action Complaint"), docket no. 91-1, filed October 14, 2016.

good faith and fair dealing, and breach of fiduciary duty.[34] Judge Waddoups concluded that the complaint did not state a cause of action and there was no injury alleged that would not be pure speculation.[35] Specifically, "[i]t would be pure speculation to argue as to what [the Buyers'] reaction or their response would have been or what the potential buyer's response would have been if [the Agent] had, in fact, done everything that [Glenn] alleges she should have done."[36] Judge Waddoups further held that the Agent "was not engaged as legal counsel and was under no duty to give [Glenn] legal advice as to the responsibilities and to the meaning of the contract."[37]

Glenn then sued Pia Anderson in this case (the "Malpractice Action"). Pia Anderson moved for summary judgment on Glenn's claims of professional negligence, breach of fiduciary duty, breach of contract, and breach of the Covenant of good faith and fair dealing.[38] The Summary Judgment Motion spawned a number of related briefs and motions. The Magistrate Judge reviewed the briefing on the motions and recommended granting the Summary Judgment Motion, treating the Cross Motion as an opposition to the Summary Judgment Motion, and denying Pia Anderson's motion for leave to file further briefing on the Cross Motion.[39]

## DISCUSSION

### Glenn's Motion for Summary Judgment

Glenn has objected to the Magistrate's analysis of the Buyer Action, the Agent Action, and the Malpractice Action (this case). Glenn struggled to sell his Murray, Utah home during the

---

[34] Hearing Transcript from Proceedings Before the Honorable Clark Waddoups, Case No. 2:10-cv-00726-CW, Moss Declaration in Support of Summary Judgment Motion, Ex. 5 ("Waddoups Transcript"), docket no. 91-5, filed October 14, 2016.

[35] *Id.* at 26:18–22.

[36] *Id.* at 26:25–27:4.

[37] *Id.* at 27:16–19.

[38] Summary Judgment Motion.

[39] R&R, docket no. 119.

6

years 2007 to 2013, which is an unfortunate but common experience for that time period. Glenn

has failed to show that the blame—or the liability—lies with the Buyer who canceled the sale,

the Agent who handled the listing, or Pia Anderson as his litigation counsel in the Agent Action.

The Utah Supreme Court's observation about accidents holds equally true for economic losses

like Glenn's:

> Not every [loss] that occurs gives rise to a cause of action upon which the party injured may recover damages from someone. Thousands of [losses] occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured.[40]

Pia Anderson is no more responsible for Glenn's loss than the Buyers or the Agent. The

Objection to the R&R is overruled on each basis Glenn has asserted.

### *The Buyer Action (Utah State Court)*

Glenn objects to the Magistrate Judge's evaluation of the Buyer Action. Glenn argues

that the Magistrate Judge erred by "[d]isregarding the facts and fraudulent misrepresentation of

the Buyer Judge Robin Reese." Glenn's allegation of fraud against the Buyer at this late date is

neither relevant to the actual claims nor supported by the facts.

The R&R recommends summary judgment against Glenn on his claims against Pia

Anderson for their representation of Glenn in the Agent Action. Glenn used different attorneys in

the Buyer Action.[41] Whether the Buyers made a fraudulent misrepresentation did not bear

directly on Glenn's claims against the Agent in the Agent Action. The Agent Action concerned

whether the Agent breached a duty to warn Glenn about Section 8(e) of the Purchase Contract

and its potential effects.[42] The Agent would not have been liable for the Buyers' fraudulent

---

[40] *Martin v. Safeway Stores Inc.*, 565 P.2d 1139, 1142 (Utah 1977).

[41] Objection to R&R pp. 2–3.

[42] Agent Action Complaint.

misrepresentation, if any. Glenn lost the Buyer Action because Section 8(e) of the Purchase Contract unambiguously permitted the Buyers to cancel the Purchase Contract based on independently acquired appraisal information, which they did.[43] Fraud by the Buyers is a new allegation that was not even asserted in the Buyer Action.[44] The Magistrate Judge did not "disregard" allegations of fraudulent misrepresentation against the Buyers. This basis for objecting to the R&R is rejected.

Nor has Glenn offered more than unsupported assumptions for his accusation of fraud against the Buyers.[45] Glenn claims that the Buyer acted on nonpublic information obtained in his judicial capacity by relying on Section 8(e) of the Purchase Contract.[46] There is no evidence that the Buyers, including Judge Reese, had nonpublic information about the Standard REPC generally or the parties' own Purchase Contract specifically. To the contrary, the Purchase Contract and its terms were express, apparent, and available to all parties. If the Buyers benefitted from Judge Reese as a legally trained person reviewing and understanding the Purchase Contract, that does not create culpability or liability. Glenn had an equal opportunity to review the Purchase Contract and seek legal advice.

*The Agent Action (U.S. District Court)*

Glenn objects to the Magistrate Judge's finding in the R&R that the Agent Action failed because the case was speculative. The objection states: "Plaintiff's argument is not speculative but based on fraud."

---

[43] *Glenn v. Reese*, 225 P.3d 185, 190 (Utah 2009).

[44] *Id.*

[45] Objection to the R&R pp. 1, 5.

[46] *Id.*

Glenn indeed lost the Agent Action both because he could not show that the Agent breached a duty to advise Glenn on Section 8(e)[47] and because Glenn's theory of causation was speculative.[48] Glenn could only speculate as to how he and the Buyers—or any other buyer—would have negotiated, agreed upon, and performed on a sale of the home differently if Glenn had been fully advised of Section 8(e) and its effect.[49] Judge Waddoups found Glenn's claims facially deficient.[50] The Magistrate Judge correctly determined, based on Judge Waddoups' ruling on the Agent Action, that Pia Anderson could not have salvaged Glenn's claims through further discovery or expert testimony.[51]

Glenn has argued in the Cross Motion,[52] and in his multiple briefs in response to the R&R, that the Standard REPC was unambiguous and unenforceable. Glenn cites to an article published in the Utah Division of Real Estate News, July 2008.[53] In the article, the Utah Division of Real Estate (the "Division") offers an explanation for upcoming revisions to the Standard REPC.[54] After acknowledging that the Standard REPC was used to effectuate "numerous successful real estate transactions," the Division explains: "Some licensees have had to struggle with certain provisions that are contained in the REPC that were either ambiguous, required clarification or otherwise had an undesired or unintended consequence as a result of language

---

[47] Waddoups Transcript at 27:16–19.

[48] *Id.* at 26:20–22.

[49] *Id.* at 26:24–27:4.

[50] *Id.* at 26:18–22.

[51] R&R at 11.

[52] Cross Motion p. 3.

[53] Objection to R&R, Ex. A, [docket no. 120-1](docket no. 120-1).

[54] *Id.*

that was either currently included or should have been included in the existing state approved REPC."

Glenn draws from this article the conclusion that: (1) the Buyers were privy to the deficiencies in the Standard REPC and fraudulently exploited that information; (2) the Agent should have advised Glenn of the deficiencies in the REPC; and (3) Pia Anderson should have successfully pursued this basis for a claim against the Agent. Glenn's assertion that Section 8(e) created a loophole for the Buyers is unfounded.[55] The Division in no way states that the Standard REPC was unenforceable—a result that would be catastrophic for the presumably thousands of homes sold using the form. The Division's statements advocate revisions to the Standard REPC based on complications that some agents, buyers, and sellers experienced with the form under certain circumstances. The article from the Division does not show that the Standard REPC was unenforceable or that the Agent breached a duty to Glenn by using the form.

But even if the Division had taken the position that the Standard REPC was deficient, such an opinion would have no bearing on the enforcement of Glenn's Purchase Contract. The Standard REPC was a contract form employed by real estate agents in Utah. The form became a contract, and no longer a form, when Glenn and the Buyers personalized, completed, and executed the Purchase Contract. The Purchase Contract's terms are self-contained. The Utah courts concluded that Glenn's Purchase Contract was unambiguous and enforceable.[56]

*The Malpractice Action (This Case)*

Glenn argues in his Objection to the R&R that "the speculative nature [of the Agent Action] makes the case unwinnable[;] therefore [Pia Anderson] should have appropriately

---

[55] Objection to R&R p. 3.

[56] *Glenn v. Reese*, 225 P.3d 185, 190 (Utah 2009).

advised [Glenn]."[57] In other words, if Pia Anderson knew "the case was not viable and unwinnable then he should have advised his client not to pursue the case, rather than incur $20,000 of legal fees."[58] This is a new argument in response to the R&R rather than an objection to the Magistrate Judge's analysis and recommendation. The argument is not a proper objection and is rejected.[59]

Glenn's position is substantively flawed as well. Judge Waddoups and the Magistrate Judge correctly found that the Agent Action fails as a matter of law based on Glenn's inability to prove damages.[60] There were several unanswered questions about Glenn's case—i.e., what would have happened had the Agent handled things differently—but those questions were not answered because they were unanswerable and speculative, not because of how Pia Anderson litigated the case.[61]

The Magistrate Judge's recommendation to grant Pia Anderson's Summary Judgment Motion and dismiss Glenn's claims[62] is accepted.

## Glenn's Cross Motion for Summary Judgment

Glenn did not specifically object to the Magistrate's R&R with respect to the Cross Motion, Pia Anderson's motion to strike the Cross Motion, or Pia Anderson's motion to extend the deadline for responding to the Cross Motion.[63] The R&R is accepted with respect to these

---

[57] Objection to R&R p. 1.

[58] *Id.* p. 9.

[59] 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2) (providing that "a party may serve and file specific written objections to the proposed findings and recommendations" but not new arguments in support of the decided motion).

[60] R&R at 11.

[61] *Id.*

[62] R&R at 12.

[63] R&R at 11–12.

motions. Pia Anderson's Motion to Strike the Cross Motion[64] will be granted in part and denied in part. The Cross Motion is stricken but treated as an opposition to the Summary Judgment Motion. Pia Anderson's motion to extend the deadline for responding to the Cross Motion[65] will be denied because no response to the stricken Cross Motion is required.[66]

## Motions in Response to Briefing on R&R

In responding to the R&R, the parties filed two additional motions.

Glenn submitted a reply memorandum in further support of his Objection to the R&R.[67] Pia Anderson moved to strike this reply brief because no reply is permitted on an objection to a report and recommendation and because the reply raises new issues.[68] The motion is granted. The argument and positions raised in the reply brief have been considered and rejected for the reasons stated herein. Nevertheless, the reply brief is not properly before the court and should be stricken.[69]

Glenn also filed a sur-reply further arguing his position on the R&R[70] together with a motion for leave to file the sur-reply.[71] The motion is denied. The argument and positions raised in the sur-reply have been considered and rejected for the reasons stated herein. Nevertheless, Glenn has had ample opportunity to present his arguments, and the sur-reply will be stricken.

---

[64] Docket no. 100.

[65] Docket no. 101.

[66] Docket no. 101, filed November 18, 2016.

[67] Docket no. 123, filed April 10, 2017.

[68] Motion to Strike Reply Brief, docket no. 125, filed April 20, 2017.

[69] 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2) (limiting briefing on a report and recommendation to one objection and one response).

[70] Docket no. 130, filed May 25, 2017.

[71] Docket no. 131, filed May 25, 2017.

**ORDER**

IT IS HEREBY ORDERED that the Report and Recommendation[72] is ACCEPTED. Pia Anderson's Motion for Summary Judgment[73] is GRANTED. Pia Anderson's Motion to Strike Glenn's Cross Motion for Summary Judgment[74] is GRANTED IN PART and DENIED IN PART. Glenn's Cross Motion for Summary Judgment[75] is STRICKEN and treated as an opposition to Pia Anderson's Motion for Summary Judgment. Pia Anderson's Motion to Extend Deadline to File Memorandum in Opposition to Plaintiff's Cross Motion for Summary Judgment[76] is DENIED because no response to the stricken cross motion is required. This case is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Pia Anderson's motion to strike Glenn's reply in support of Glenn's objections to the R&R is GRANTED. The reply has been considered and rejected, but it is not properly before the court.

IT IS FURTHER ORDERED that Glenn's motion for leave to file a sur-reply in support of his objections to the R&R is DENIED. No further briefing on the R&R is required or permitted.

---

[72] Docket no. 119.

[73] Docket no. 90.

[74] Docket no. 100.

[75] Docket no. 95.

[76] Docket no. 101.

The Clerk is directed to close the case. Any remaining motions not addressed by this Order, including Pia Anderson's Motion in Limine,[77] are rendered moot by the dismissal of Glenn's claims.

Signed October 19, 2017.

BY THE COURT

David Nuffer
United States District Judge

---

[77] [Docket no. 113](#), filed January 27, 2017.