IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ENDRE GLENN,<br><br>                Plaintiff,<br><br>v.<br><br>BRENNAN H. MOSS and PIA ANDERSON DORIUS REYNARD & MOSS, LLC,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [135] PLAINTIFF'S MOTION TO ALTER JUDGMENT OR GRANT RELIEF FROM JUDGMENT**<br><br>Case No. 2:15-cv-00165-DN<br><br>District Judge David Nuffer |

This case was dismissed on summary judgment.[1] Pro se plaintiff Endre Glenn ("Glenn") has filed a motion seeking to reopen the case under Rules 59(a) and 60(b)(3) of the Federal Rules of Civil Procedure (the "Motion").[2] Glenn argues that he was denied the right to a jury trial and that new evidence compels relief from judgment. The Motion can be denied without opposition.

Glenn's claims were dismissed on summary judgment because no genuine dispute of material fact required a trial.[3] It is well established that "[t]he Seventh Amendment is not violated by proper entry of summary judgment because such a ruling means that no triable issue exists to be submitted to a jury."[4]

Even if the case had gone to trial, the purported new evidence does not compel a new trial or hearing. The evidence at issue consists of declarations from a state court action in which

---

[1] Memorandum Decision and Order Accepting Report and Recommendations ("Summary Judgment Order"), docket no. 133, filed October 19, 2017.

[2] Motion to Alter Judgment or Grant Relief from Judgment ("Motion"), docket no. 135, filed November 21, 2017.

[3] Fed. R. Civ. P. 56(a).

[4] *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) (citing *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 319-20 (1902)).

Glenn was the plaintiff.[5] Glenn has not satisfied the standard for seeking a new trial under Rule 59.[6] The declarations were previously discoverable with diligence.[7] And the declarations are not material or likely to produce a different result.[8] Glenn argues that the declarations show fraud on the part of the buyer in a failed real estate transaction, which is not a claim properly raised in this legal malpractice action.[9]

The Motion alternatively seeks to set aside judgment under Rule 60(b).[10] Glenn has not shown grounds for relief from the judgment in this case. He lacks "newly discovered evidence that, with reasonable diligence, could not have been discovered."[11] And although Glenn continues to argue that the buyer in his home sale acted fraudulently, he has not shown fraud, misrepresentation, or misconduct by the defendants to justify relief from judgment.[12]

## ORDER

Having reviewed and considered the Motion, and for good cause appearing,

IT IS HEREBY ORDERED that the Motion[13] is DENIED.

Dated November 29, 2017.

BY THE COURT:

/s/ David Nuffer

David Nuffer
United States District Judge

---

[5] Motion, Exs. A, B, C, G, and H.

[6] Fed. R. Civ. P. 59(a); *Joseph v. Terminix Int'l Co.*, 17 F.3d 1282, 1285 (10th Cir. 1994) (identifying the elements required for a new trial based on new evidence).

[7] *Id.*

[8] *Id.*

[9] Summary Judgment Order at 7 ("Glenn's allegation of fraud against the Buyer at this late date is neither relevant to the actual claims nor supported by the facts.").

[10] Fed. R. Civ. P. 60(b).

[11] *Id.*

[12] *Id.*

[13] Docket no. 135.