IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ENDRE GLENN, <br><br> Plaintiff, <br><br> v. <br><br> BRENNAN H. MOSS and PIA ANDERSON DORIUS REYNARD & MOSS, LLC, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR NEW TRIAL OR RELIEF FROM JUDGMENT** <br><br> Case No. 2:15-cv-00165-DN <br><br> District Judge David Nuffer |

This case was dismissed on summary judgment.[1] A previous motion by plaintiff Endre Glenn ("Glenn") to alter judgment or grant relief from judgment was denied.[2] Glenn now has filed two additional post-judgment motions for relief from summary judgment (the "Motions"),[3] which do not improve upon the positions set forth in the prior post-judgment motion. These Motions can be denied without opposition.

Glenn contends that he has discovered new evidence that was not available to him until November 1, 2017, after summary judgment was entered.[4] The evidence at issue consists of declarations from a state court action in which Glenn was the plaintiff.[5] The declarations were

---

[1] Memorandum Decision and Order Accepting Report and Recommendations ("Summary Judgment Order"), docket no. 133, filed October 19, 2017.

[2] Memorandum Decision and Order Denying Plaintiff's Motion to Alter Judgment or Grant Relief from Judgment ("Prior Post-Judgment Order"), docket no. 138, filed November 29, 2017.

[3] Motion Reopen Case Under FRCP 59(a) Motion New Trial or Grant Relief from Judgment Under FRCP 60(b)(2), 60(b)(3), docket no. 139, filed December 21, 2017 ("Motion No. 139"); Plaintiff's Motion for New Trial Under FRCP 59(a) and/or Grant Relief from Judgment Under FRCP 60(b)(2), 60(b)(3), docket no. 141, filed December 21, 2017 ("Motion No. 141").

[4] Motion No. 139 at 2.

[5] *Id.*; Motion No. 141 at 2.

considered and rejected on Glenn's prior motion for relief from judgment.[6] The declarations, which Glenn attests he obtained from his former lawyer,[7] were previously discoverable with diligence. Moreover, the declarations are not material or likely to produce a different result. Glenn argues that the declarations show fraud on the part of the buyer in the underlying failed real estate transaction, which is not a claim properly raised in this legal malpractice action.[8] Therefore, the declarations do not compel a new trial under Rule 59(a).[9]

Glenn alternatively requests relief from judgment under Rules 60(b)(2) and 60(b)(3). The Motions do not satisfy Rule 60(b) under either subsection. As explained above, Glenn lacks newly discovered evidence that, with reasonable diligence, could not have been discovered.[10] And although Glenn continues to argue that the buyer in his home sale acted fraudulently, he has not shown fraud, misrepresentation, or misconduct ***by the defendants*** to justify relief from judgment.[11]

Glenn once again argues that he has been denied a jury trial.[12] Glenn's claims were dismissed on summary judgment because no genuine dispute of material fact required a trial.[13] It is well established that "[t]he Seventh Amendment is not violated by proper entry of summary judgment because such a ruling means that no triable issue exists to be submitted to a jury."[14]

---

[6] Prior Post-Judgment Order at 1–2.

[7] Declaration of Glenn ¶10, docket no. 140, filed December 21, 2017.

[8] Summary Judgment Order at 7 ("Glenn's allegation of fraud against the Buyer at this late date is neither relevant to the actual claims nor supported by the facts.").

[9] Fed. R. Civ. P. 59(a); *Joseph v. Terminix Int'l Co.*, 17 F.3d 1282, 1285 (10th Cir. 1994) (identifying the elements required for a new trial based on new evidence).

[10] Fed. R. Civ. P. 60(b)(2).

[11] Fed. R. Civ. P. 60(b)(3) (requiring fraud "by an opposing party").

[12] Motion No. 141 at 7–8.

[13] Fed. R. Civ. P. 56(a).

[14] *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) (citing *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 319-20 (1902)).

The Motions do not present a basis for disturbing the summary judgment dismissing Glenn's case. Accordingly, the Motions are denied.

**ORDER**

Having reviewed and considered the Motions, and for good cause appearing,

IT IS HEREBY ORDERED that the Motions[15] are DENIED. The case remains dismissed and closed.

Dated January 29, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[15] Docket no. 139, docket no. 141.